**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LEON WILLIAMS,

    Plaintiff,

-vs-                                                   Case No.  8:04-CV-1011-T-30EAJ

CITY OF TAMPA, FLORIDA, et al.,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff's Motion to Strike Defendant Roberto Bustamante Affidavit Opposing Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 12(f)[1] (Dkt. 60) and Defendants Hillsborough County, Tom Alderman, Mike Lewandowski, Tom Loughlin, and Roberto Bustamante's Motion to Strike "Plaintiff's Reply to Defendant Hillsborough County Et Al Response to Plaintiff's Motion for Summary Judgment" (Dkt. 62). Defendants' Motion to Strike will be granted. *See* Local Rule 3.01(b) (M.D. Fla. 2004).[2] As discussed below, the Court finds that Plaintiff's Motion to Strike lacks merit.

Citing Fed. R. Civ. P. 56(e),[3] Plaintiff argues that Defendant Bustamante has not shown that he is "competent to testify to the matters stated" in his affidavit (Dkt. 59,

---

[1] "Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2004).

[2] "Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested.  No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court." Local Rule 3.01(b) (M.D. Fla. 2004).

[3] Rule 56(e) provides, in pertinent part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Attach.). The Court disagrees. In his affidavit, Defendant Bustamante states that he has been a Code Compliance Investigator for Hillsborough County Planning and Growth Management Department since 1999 and explains the general scope of his duties. *Id.* Defendant Bustamante then provides details regarding his involvement in an investigation prompted by a complaint made by a citizen of Hillsborough County that culminated in a disciplinary action against Plaintiff by the Hillsborough County Building Board of Adjustments, Appeals, & Examiners (hereinafter "Building Board") on December 17, 2002. *Id.* Based on information in the record and statements made in Defendant Bustamante's affidavit, the Court finds that he "is competent to testify to the matters stated therein." *See* Fed. R. Civ. P. 56(e).

Plaintiff also asserts that Defendant Bustamante made the following statement "in bad faith:"

> At no time did I pursue criminal charges against Plaintiff Williams. Instead, consistent with the practice of the County, I pursued the violations of the County's Construction Code through a disciplinary hearing heard by the Building Board.

Dkt 59, Attach. ¶ 11. According to Plaintiff, Defendant Darrow "implicates [Defendant] Bustamante in collusion with him" in a letter he sent to the State Attorney's Office (Dkt. 60, Ex. 8). Plaintiff did not file the letter, but he did file page one of a nine-page document sent via facsimile to Patricia Turin by Defendant Darrow on May 24, 2002, documenting complaints which the City of Tampa had received about Plaintiff's performance as a construction contractor. *Id.* In his comments to Ms. Turin, Defendant Darrow states that "Robert Bustamante from Hillsb [sic] Co., ph-335-7562 is going to call you about at least 2 in the county" (Dkt. 60, Ex. 8). Whether Defendant Bustamante did, in fact, call Ms. Turin is unknown. Moreover, Defendant Bustamante did not state that he did not have any

communication with individuals involved in Plaintiff's criminal prosecution. Defendant Bustamante merely states, clearly and unambiguously, that he "did not pursue criminal charges against Plaintiff Williams" (Dkt. 59, Attach. ¶ 11).

Other documents filed by Plaintiff establish that Defendant Bustamante did, as he avers in his affidavit, participate in the investigation of complaints made about Plaintiff's performance as a construction contractor and prepared attendant reports that he subsequently presented to the Building Board. Copies of reports generated by Defendant Bustamante or individuals supervised by him may have been provided to the State by Defendant Darrow, as Plaintiff alleges. This does not, however, establish that Defendant Bustamante conspired with Defendant Darrow to bring about Plaintiff's criminal prosecution.

On December 6, 2002, a two-count Amended Information was filed in the Thirteenth Judicial Circuit Court charging Plaintiff with fraud and grand theft. The two Criminal Report Affidavits attached to Plaintiff's motion were executed by Defendant Darrow, not Defendant Bustamante. In fact, there is no mention of Defendant Bustamante in any regard in either document. Nothing Plaintiff has presented in support of his motion, individually or cumulatively, establish that Defendant Bustamante's statement that he did not "pursue criminal charges against Plaintiff Williams" was "made in bad faith."

Having reviewed Plaintiff's motion, the documents attached thereto, and relevant portions of the record, the Court finds that Plaintiff has not demonstrated a basis for striking Defendant Bustamante's affidavit.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Motion to Strike Defendant Roberto Bustamante Affidavit Opposing Motion for Summary Judgment (Dkt. 60) is **DENIED**.

2. Defendants Hillsborough County, Tom Alderman, Mike Lewandowski, Tom Loughlin, and Roberto Bustamante's Motion to Strike "Plaintiff's Reply to Defendant Hillsborough County Et Al Response to Plaintiff's Motion for Summary Judgment" (Dkt. 62) is **GRANTED**.  The **Clerk** shall **STRIKE** Plaintiff's Reply to Defendant Hillsborough County Et Al Response to Plaintiff's Motion for Summary Judgment (Dkt. 61).

**DONE** and **ORDERED** in Tampa, Florida on May 26, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Parties/Counsel of Record

SA:jsh