**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LEON WILLIAMS,**

    **Plaintiff,**

v.                                             **Case No.  8:04-cv-1011-T-30EAJ**

**CITY OF TAMPA, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon multiple Motions to Dismiss (Dkts. #72, 73, 74), Plaintiff's Second Amended Complaint (Dkt. #70), and Plaintiff's Response (Dkt. #78) thereto.  Having reviewed the various Motions, the Court determines that they should be GRANTED in part and DENIED in part.

Plaintiff, a prisoner in the State prison system, filed his Second Amended Complaint, *pro se*, seeking "damages and relief pursuant to 42 U.S.C. ¶ 1983."  Plaintiff alleges "the Defendant's (sic) violated his equal protection, fundamental and substantive due process rights, under U.S.C.A. Const. Amend. 14th due process clause, and his U.S.C.A. Const. Amend. 4th, rights to be free from an unlawful arrest, search and seizure."

## COUNT ONE

Plaintiff sets forth his claims in three separate Counts.  Count One purports to be a substantive due process claim against "all the Defendant's" (sic) (paragraph 15), to wit: the

City of Tampa, Hillsborough County, Code Enforcement Officers William Darrow, Mike Mitcham, and Roberto Bustamante, Building Inspectors Adalberto Pereira, Mike Lawandowski, and Tom Loughlin, and the Building Department Administrator for Hillsborough County, Tom Alderman.  Plaintiff asserts that the Defendants "conspired in an investigation (in) which they charged the Plaintiff with criminal law violations (organize (sic) fraud, grand theft) without reasonable cause and suspending his contracting license for eight to ten months without notice and without a hearing.  Plaintiff further asserts, in paragraph 20, that "Defendant's (sic) investigation and other action was conducted in a manner that implicated and violated the Plaintiff's fundamental rights under Federal law and the United States Constitution."

Plaintiff's Complaint is somewhat vague about what particular action supposedly violated substantive due process rights, but it appears he is complaining of his name being submitted to the State Attorney's office for possible criminal prosecution as well as his contractor's license being, according to him, improperly suspended.  Insofar as he asserts that his license was suspended without notice and without a hearing, those allegations are addressed more appropriately in a procedural due process claim.

Plaintiff points to no policy or custom of Hillsborough County or the City of Tampa that caused any deprivation and therefore his claims against these governmental entities would be barred by <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978) (holding that an individual must show harm from a policy and custom to have a Section 1983 cause of action against a municipality).  The individual Defendants would be protected by qualified

immunity since it appears their individual actions (claims of code violations and the revocation of Plaintiff's contracting license) were performed in the course of their job duties. Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002). Further, a substantive due process claim is not the appropriate claim for business damages. Generally, business contractual rights are created and protected under state law and are not subject to substantive due process protection under the due process clause. McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994).

Even though Plaintiff has labelled Count One a substantive process claim, the Court will treat Count One as a procedural due process claim. A violation of procedural due process rights may support a Section 1983 claim. Zinermon v. Burch, 494 U.S. 113 (1990). But to establish such a claim, a plaintiff must demonstrate that his available state remedies are inadequate. Copeland v. Machulis, 57 F.3d 476 (6th Cir. 1995). Defendants argue that Plaintiff has made no such showing in his Second Amended Complaint. While that may be true, Plaintiff has alleged in paragraph 41 that "all remedies have been exhausted." The Court will accept that allegation together with the others in Count One to be sufficient to survive a motion to dismiss. At the summary judgment stage, Plaintiff must show why the existing remedies under state law were not sufficient to provide due process for someone in his alleged position, to wit: a contractor whose license was wrongfully terminated.

Therefore, Defendants' Motions to Dismiss will be GRANTED as to substantive due process claims under Count One, but DENIED as to procedural due process claims.

## COUNT TWO

Count Two purports to be another substantive due process claim against all Defendants alleging that, "on August 28, 2002, the Defendant's (sic) caused the Plaintiff to be unlawfully arrested by submitting (2) sworn affidavits to a state's attorney's office which fail (sic) to be objective (sic) reasonable." According to paragraph 25, certain of the Defendants, with the acquiescence of all, referred alleged victims' names to the state attorney's office without first investigating and conversing with the alleged victims. Plaintiff also asserts that the criminal report affidavits stated that the Plaintiff substantially and intentionally underbid various construction projects as their reason to believe that the Plaintiff had committed the alleged crimes.

The allegations contained in Count Two may or may not be sufficient to assert a state claim of malicious prosecution against certain of the individual Defendants, but it would certainly not state such a claim as to all Defendants. But this Court need not analyze a possible state claim, only the federal claim asserted here - a Section 1983 claim for damages for violation of substantive due process. In that regard, Plaintiff has not asserted, and cannot assert, a substantive due process claim against these Defendants for the acts described. Therefore, Count Two will be DISMISSED with prejudice.

## **COUNT THREE**

Count Three is an equal protection claim brought against all Defendants. Plaintiff asserts that the Defendants applied a neutral statute, ¶ 489.126, unequally in violation of the Plaintiff's equal protection rights. He alleges generally that he was treated differently than "similar (sic) situated contractors, (about) who(m) the Defendant's (sic) have received complaint." (Paragraph 35.)

Defendants argue, with good reason, that Count Three is insufficiently specific to withstand a motion to dismiss. It also appears that any claim against the individual Defendants would be barred by qualified immunity and any claim against the political entities would be barred by <u>Monell</u>. But, rather than have the Plaintiff again amend his Complaint, the allegations of which the Court must accept as true, the Court deems it more appropriate to address this matter on motion for summary judgment.

Therefore, the parties are requested to take whatever limited discovery deemed necessary to address this issue and any due process issues in Count One, and file the appropriate motion for summary judgment. If, after the Court rules on motions for summary judgment, any party desires further discovery as to claims then surviving (including damages), an appropriate motion will be entertained by the Court. Therefore, at this stage, Defendants' Motions to Dismiss Count Three of the Complaint will be DENIED.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motions to Dismiss (Dkts. #72, #73, #74) are GRANTED in part and DENIED in part as stated herein.

2. The deadline for completing the limited discovery cited herein is May 12, 2006.

3. The deadline for filing motions for summary judgment is May 30, 2006.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2004\04-cv-1011.dismiss 72.frm